Dear Mayor Bennett:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Village of Simpson ("Village"), you have asked for our opinion as to whether the Village may contribute funds toward the purchase of a video security system which would be installed at Simpson High School. According to your request, the security system would be installed on the outside of Simpson High School and would aid the Village's police department in deterring vandalism. Installation of the security system would be handled by the technology department of the Vernon Parish School Board ("Board") and the Board would own and monitor the system.
As previously recognized by our office, La.Rev.Stat. 33:1321 specifically authorizes local political subdivisions to jointly engage in any undertaking or exercise of power provided at least one of the participants is authorized to perform such activity. See Attorney General Opinion No. 08-0128. Notwithstanding this specific grant of authority, such intergovernmental agreements must still comply with the constitutional mandates of Louisiana Constitution Article VII, Section 14. See Attorney General Opinion No. 05-0122.
Louisiana Constitution Article VII, Section 14 provides, in pertinent part, the following:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . .
 * * * *Page 2 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
As quoted above, Paragraph (A) generally prohibits the loan, pledge, or donation of public funds. Paragraph (C) of Section 14 authorizes the state and its political subdivisions, to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non gratuitous alienation of public funds established in Paragraph (A).
It has been the consistent opinion of this office that in order for an expenditure of public funds to be permissible under Louisiana Constitution Article VII, Section 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. See
La. Atty. Gen. Op. Nos. 09-0271, 09-0259, 09-0251, 09-0146 and 07-0050A.
In our view, the Village clearly has the legal authority to expend public funds in connection with furthering public safety. Similarly, the Board has the legal authority to expend public funds in connection with improving school safety. Accordingly, pursuant to La.Rev.Stat. 33:1321, the Village and Board have the specific authority to act jointly in such endeavors and in our view, expending public funds in connection with purchasing and installing a security system at Simpson High School constitutes a valid public purpose that comports with the governmental purpose for which the Village has legal authority to pursue. Furthermore, the proposed expenditure does not appear to be gratuitous. In return for the funds expended, the Village's police department would receive the benefit of having access to the security system. Finally, although we are not in a position to determine whether the value or benefit received by the Village would be commensurate with the funds expended by the Village, we are not aware of any facts that would lead us to believe the proposed expenditures would amount to a prohibited donation of public funds. *Page 3 
Accordingly, it is the opinion of this office that the Village and the Board may enter into an intergovernmental agreement whereby the Village would expend public funds in connection with the purchase and installation of a video security system at Simpson High School.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/chb